COURT OF APPEALS
DECISION
DATED AND FILED

September 19, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1029**

Cir. Ct. No. **2021CV249**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

---

STATE OF WISCONSIN EX REL. JAMIE DEAN JARDINE,

   PETITIONER-APPELLANT,

  V.

WISCONSIN PAROLE COMMISSION,

   RESPONDENT-RESPONDENT.

---

APPEAL from an order of the circuit court for Douglas County: KELLY J. THIMM, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Jamie Jardine appeals from a circuit court order denying his petition for certiorari review of an adverse parole determination.

Jardine raises a series of constitutional challenges to the Wisconsin Parole Commission decision. We reject each of the challenges and affirm.

## BACKGROUND

¶2    In 1994, prior to the enactment of Truth in Sentencing, the circuit court sentenced Jardine to consecutive indeterminate prison terms totaling sixty years on convictions for attempted first-degree intentional homicide and four counts of first-degree sexual assault. The convictions all stemmed from an incident in which Jardine sexually assaulted a massage parlor worker at gunpoint and shot her when she attempted to take the gun away from him. In addition to a gunshot wound to her leg, the victim also suffered a serious blow to her head that required surgery to remove bone fragments from her brain.

¶3    Jardine became eligible for discretionary parole in 2009 after serving twenty-five percent of his sentence. *See* WIS. STAT. § 304.06(1)(b) (2021-22).[1] This appeal arises from the Commission's seventh denial of parole for Jardine.

¶4    In its decision, the Commission determined that: (1) Jardine had served twenty-seven years and nine months of his sixty-year sentence and he was eligible for parole following his most recent deferral; (2) Jardine's history prior to incarceration included out-of-home placements for "peeping" on his sister and for assault; (3) Jardine had incurred ten major and eight minor conduct reports while in prison—the most recent of which involved a 2020 charge of disrespect; (4) Jardine was terminated from a sex offender treatment program in 1998 due to

_____

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

denial and disruption, and he had not subsequently engaged in the recommended sex offender programming; (5) Jardine had completed an anger management program; (6) Jardine had over $4,500 in his release account and had submitted a release plan to live with his sister in Texas, which the Commission deemed "workable" subject to an agent's approval; (7) Jardine had transitioned from a maximum to minimum security level by 2005, after which he maintained employment and continued his education while in custody; and (8) Jardine had several health issues, including Stage 3 throat cancer.

¶5     Based upon "the nature and severity of the case" and Jardine's "unmet treatment needs," the Commission concluded that Jardine continued to present an unreasonable risk to public safety and that more time in prison was warranted so as not to depreciate the severity of the offenses.  The Commission again denied Jardine parole and deferred his next parole review for eleven months.  The circuit court affirmed the Commission's decision on certiorari review, and Jardine appeals.

## DISCUSSION

¶6     Under the current administrative scheme, which was adopted when Chapter PAC 1 of the Wisconsin Administrative Code was repealed and recreated in 2010, a commissioner of the Wisconsin Parole Commission may recommend that an inmate be granted parole after considering all of the following criteria:

> (a) The inmate has become [eligible for parole].
>
> (b) The inmate has served sufficient time so that release would not depreciate the seriousness of the offense.
>
> (c) The inmate has demonstrated satisfactory adjustment to the institution.

(d) The inmate has not refused or neglected to perform required or assigned duties.

(e) The inmate has participated in and has demonstrated sufficient efforts in required or recommended programs which have been made available by demonstrating one of the following:

>  1. The inmate has gained maximum benefit from programs.
>
>  2. The inmate can complete programming in the community without presenting an undue risk.
>
>  3. The inmate has not been able to gain entry into programming and release would not present an undue risk.

(f) The inmate has developed an adequate release plan.

(g) The inmate is subject to a sentence of confinement in another state or is in the United States illegally and may be deported.

(h) The inmate has reached a point at which the commission concludes that release would not pose an unreasonable risk to the public and would be in the interests of justice.

WIS. ADMIN. CODE § PAC 1.06(16) (Dec. 2011). A commissioner's recommendation is reviewed by the Commission's chairperson, who makes the final parole decision. WIS. ADMIN. CODE § PAC 1.07(1), (3) (Dec. 2011).

¶7 Our certiorari review of the decision of an administrative agency is limited to considering: (1) whether the agency kept within its jurisdiction; (2) whether it proceeded on a correct theory of law; (3) whether its action was arbitrary, oppressive or unreasonable, representing its will rather than its judgment; and (4) whether the agency could reasonably make the determination in question based upon the evidence before it. *State v. Waushara Cnty. Bd. of Adjustment*, 2004 WI 56, ¶12, 271 Wis. 2d 547, 679 N.W.2d 514. We presume an

agency's decision to be valid, and we will not set aside its factual findings if they are supported by any reasonable view of the evidence or substitute our discretion for that of the agency.  *Id.*, ¶13.

¶8      Here, the record plainly shows that the Commission considered each of the relevant criteria, and Jardine does not assert that the Commission's decision was outside its jurisdiction, arbitrary, or unsupported by the evidence.   Jardine instead raises a series of arguments that can be consolidated into the following claims:  (1) the Commission's application of a parole criterion that did not exist at the time of his conviction violates his constitutional rights under the Due Process Clause and the Ex Post Facto Clause; and (2) requiring sex offender treatment that is not mandated by statute and was not specifically ordered by the circuit court violates his constitutional rights under the Double Jeopardy Clause and the Eighth Amendment.  We will construe these claims as an assertion that the Commission proceeded on an incorrect theory of law.

¶9      This court has previously rejected similar due process and ex post facto claims regarding changes to parole criteria.  In *State ex rel. Britt v. Gamble*, 2002 WI App 238, 257 Wis. 2d 689, 653 N.W.2d 143, we held that an offender had no protected liberty interest in prior parole criteria to which the Due Process Clause would apply and that the Ex Post Facto Clause did not apply because a denial of discretionary parole did not increase the penalty for the crime of conviction.  *Id.*, ¶¶21-23.  In *State ex rel. Gendrich v. Litscher*, 2001 WI App 163, 246 Wis. 2d 814, 632 N.W.2d 878, we likewise held that there is no due process right to discretionary parole.  *Id.*, ¶7.

¶10     Jardine has not distinguished the facts of this case from cases in which similar due process and ex post facto claims were rejected, and he has cited

5

no other legal authorities that establish those constitutional provisions apply to revisions in parole statutes or administrative code provisions. Moreover, even if the cited constitutional provisions might apply to some parole revisions, Jardine has not shown that any of the revisions to the parole criteria affected him.

¶11    As the State notes, the parole criteria that were in effect in 1993 when Jardine committed his offenses, and in 1994 when he was sentenced, do not vary in any material way from the slightly reworded parole criteria now in effect, and upon which the Commission based its decision to deny parole. In particular, the prior criteria required that an offender:

> (b) Served sufficient time so that release would not depreciate the seriousness of the offense.
>
> (c) Demonstrated satisfactory adjustment to the institution and program participation at the institution;
>
> (d) Developed an adequate parole plan; and
>
> (e) Reached a point at which, in the judgment of the commission, discretionary parole would not pose an unreasonable risk to the public.

WIS. ADMIN. CODE § PAC 1.06(7) (Jan. 1993).[2]  We note that a failure to complete recommended programming while in prison provides reasonable grounds to conclude that an offender poses a risk to public safety, even without that criterion being separately listed as it is in the current code. Given that Jardine has not shown that he would have been entitled to parole under the prior parole provisions, any claim that the revisions violated his constitutional rights must fail.

---

[2] The prior version of the Wisconsin Administrative Code is available at: https://docs.legis.wisconsin.gov/code/register/1993/445b/insert/pac1.

¶12    Jardine's double jeopardy and Eighth Amendment challenges to sex offender treatment also fail for multiple reasons.  First, contrary to Jardine's assertions, a recommendation for sex offender treatment does not require Jardine to actually participate in the treatment.  As Jardine himself notes, WIS. STAT. § 301.047(2)(b)3. permits an inmate to stop participating in a rehabilitation program at any time.  The fact that Jardine's refusal to participate in recommended programming may affect his eligibility for parole does not render the recommendation mandatory.

¶13    Second, under WIS. ADMIN. CODE § DOC 302.13 (Oct. 2018), it was the Department of Corrections (DOC)—not the Commission—that made the recommendation for sex offender treatment.  The actions of the DOC are not before us on this review of the Commission's decision.

¶14    Third, Jardine has not provided any authority to support the proposition that treatment programs designed to address rehabilitation needs constitute punishment, much less cruel and unusual punishment.  Therefore, even if the recommendation for sex offender treatment were properly before us, Jardine has not shown that the recommendation was unconstitutional.

¶15    We conclude that the Commission did not act upon an incorrect theory of law when it applied the current parole criteria from the administrative code and took into account Jardine's failure to complete recommended programing.  Accordingly, we affirm.

        *By the Court.*—Order affirmed.

        This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.